1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   UNITED STATES OF AMERICA,                No. CR20-156-RSM

11                   Plaintiff,

12          v.

13   SOLOMON LEVERETTE,                        **ORDER OF FORFEITURE**

14                   Defendant.

15

16

17          THIS MATTER comes before the Court on the United States' Motion for Entry of

18   an Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant

19   Solomon Leverette's interest in the following property:

20          A sum of money in the amount of $57,441.64, representing the proceeds the

21          Defendant obtained as a result of his commission of Bank Fraud, in violation of

22          18 U.S.C. § 1344. The United States has agreed it will request the Attorney

23          General apply any amounts it collects toward satisfaction of this forfeited sum to

24          the restitution that is ordered. The United States also agreed that any amount the

            Defendant pays toward restitution will be credited against this forfeited sum.

25          The Court, having reviewed the United States' Motion, as well as the other papers

26   and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is

27   appropriate because:

28

Order of Forfeiture - 1
*United States v. Solomon Leverette,* CR20-156-RSM

- The proceeds of Bank Fraud, in violation of 18 U.S.C. § 1344, are forfeitable pursuant to 18 U.S.C. § 982(a)(2);
- In his plea agreement, the Defendant agreed to forfeit the above-identified sum of money pursuant to 18 U.S.C. § 982(a)(2), as it reflects the proceeds he obtained from his commission of the offense (Dkt. No 229, ¶ 13); and,
- This sum of money is personal to the Defendant; pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1.      Pursuant to 18 U.S.C. § 982(a)(2) and his plea agreement, the Defendant's interest in the above-identified sum of money is fully and finally forfeited, in its entirety, to the United States;

2.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) – (B), this Order will become final as to the Defendant at the time he is sentenced; it will be made part of the sentence; and it will be included in the judgment;

3.      No right, title, or interest in the identified sum of money exists in any party other than the United States;

4.      Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed this sum of money; and,

///

///

///

Order of Forfeiture - 2
*United States v. Solomon Leverette,* CR20-156-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5.      The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

IT IS SO ORDERED.

DATED this 7th day of January, 2022.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

 *s/ Michelle Jensen*
MICHELLE JENSEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
(206) 553-2619
Michelle.Jensen@usdoj.gov

Order of Forfeiture - 3
*United States v. Solomon Leverette,* CR20-156-RSM